# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-598V
**Filed: October 21, 2015**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*    UNPUBLISHED
ERIC P CABRERA and CAROL CABRERA \*
natural parents and guardians of L.C., a minor \*
                                          \*    Special Master Gowen
            Petitioners,             \*
                                          \*
v.                                        \*    Interim Attorneys' Costs.
                                          \*
SECRETARY OF HEALTH                \*
AND HUMAN SERVICES,                \*
                                          \*
            Respondent.             \*
                                          \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for respondent.

### ORDER DENYING MOTION FOR INTERIM ATTORNEYS' COSTS[1]

On August 21, 2013, Eric Cabrera and Carol Cabrera ("petitioners") filed a petition on behalf of their minor child, L.C., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioners alleged that as a result of receiving a Diptheria-Tetanus-acellular Pertussis vaccination on August 30, 2010, L.C. developed Juvenile Idiopathic Arthritis. See Petition at ¶ 1, 5, docket no. 1, filed Aug. 21, 2013. An entitlement hearing in this

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

matter is scheduled for November 19, 2015.

On September 18, 2015, petitioners' counsel filed a motion for interim attorneys' costs for travel expenses surrounding the entitlement hearing. Counsel requests $1,885.83 "to cover litigation costs, specifically travel expenses for the November 19, 2015 entitlement hearing." Motion for Interim Costs ("Motion") at 9-10, docket no. 49, filed Sept. 18, 2015. On September 24, 2015, respondent filed a response to petitioners' motion, indicating that she "leaves to the special master's discretion the adjudication of this motion." Response at 2, docket no. 50, filed Sept. 24, 2015.

The basis for counsel's interim cost request was the "financial logjam" arising from counsel's fee dispute with respondent. Motion at 2. In light of decisions in *McCulloch v. Sec'y of HHS*, No. 09-293, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) and other cases pending before the undersigned and other Special Masters, which have awarded attorneys' fees and costs to petitioners' counsel, the financial logjam averred in this request is no longer apparent. Accordingly, counsel's request for interim attorneys' costs in the amount of $1,885.83 is **<u>DENIED</u>**.

**IT IS SO ORDERED.**

**<u>s/ Thomas L. Gowen</u>**
Thomas L. Gowen
Special Master
