# In the United States Court of Federal Claims
**OFFICE OF THE SPECIAL MASTERS**
Filed: May 28, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ERIC P. CABRERA *and* CAROL CABRERA, *natural parents and guardians of* L.C., *a minor*, | * * * * | |
| Petitioners, | * * | UNPUBLISHED |
| v. | * * | No. 13-598V |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Special Master Gowen |
| Respondent. | * * | Damages; Off-Table Injury; Diphtheria-Tetanus-Acellular Pertussis ("DTaP"); Juvenile Idiopathic Arthritis ("JIA"). |
| * * * * * * * * * * * * | | |

<u>Sylvia Chin-Caplan</u>, Law Office of Sylvia Chin-Caplan, Boston, MA, for petitioners.
<u>Darryl R. Wishard</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON DAMAGES[1]

On August 21, 2013, Eric and Carol Cabrera ("petitioners"), on behalf of their minor child L.C., filed a petition under the National Vaccine Injury Compensation Program ("Vaccine Act" or the "Program").[2] Petition (ECF No. 1). Petitioners alleged that as a result of receiving a diphtheria-tetanus-acellular pertussis ("DTaP") vaccine on August 30, 2010, L.C. developed juvenile idiopathic arthritis ("JIA"). *Id.* at ¶ 3-4. Respondent recommended against awarding compensation. Respondent's Report (ECF No. 27). Each party submitted expert reports. An entitlement hearing was held on November 19, 2015. Transcript (ECF No. 73). Following the

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012). All citations in this opinion are to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

submission of post-hearing briefs, on January 12, 2017, the undersigned issued a ruling that petitioners had established entitlement to compensation based on a theory of causation-in-fact. Ruling on Entitlement (ECF No. 82).

On May 21, 2019, respondent filed a proffer on an award of compensation, which indicates petitioners' agreement to compensation on the terms set forth therein. Proffer (ECF No. 153). The proffer is attached hereto as Appendix A.

**Consistent with the terms of the proffer, I hereby award the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

1) **A lump sum payment of $223,697.00** *(representing $175,000.00 for past and future pain and suffering and $48,697.00 for projected vaccine-related expenses)*, via a check payable to petitioners as guardian(s)/ conservator(s) of the estate of L.C., for L.C.'s benefit;

2) **A lump sum payment of $1,934.72** *(for past unreimbursable expenses)*, via a check payable to petitioners; and

3) **A lump sum payment of $5,289.41** *(for satisfaction of a State of Colorado Medicaid lien for payment of vaccine-injury medical expenses for L.C.)*, via a check payable jointly to petitioners and the Colorado Department of Health Care Policy and Financing, Third Party Liability & Recoveries Section, 1570 Grant Street, Denver, CO 80203-1818, Attn: Erika L. Herrera, State ID No.: P493554.

Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the proffer and this opinion.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen<br>
Thomas L. Gowen<br>
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| ERIC P. CABRERA and CAROL CABRERA, natural parents and Guardians of L.C., a minor, | ) ) ) ) ) | |
| Petitioners, | ) ) | No. 13-598V   ECF |
| v. | ) ) | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) | |

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.   Procedural History**

On August 21, 2013, Eric P. Cabrera and Carol Cabrera ("petitioners") filed a petition for compensation on behalf of their minor child, LC, under the National Childhood Vaccine Injury Act of 1986, *as amended*, 42 U.S.C. §§ 300aa-1 et seq. ("Vaccine Act").  Petitioners allege that, as a result of receiving the diphtheria-tetanus-acellular pertussis ("DTaP") vaccine on August 30, 2010, LC developed juvenile idiopathic arthritis ("JIA").  On September 26, 2014, respondent filed his Vaccine Rule 4(c) report, denying that entitlement to compensation was appropriate in this case.  On January 12, 2017, the Special Master issued a ruling on entitlement, finding that petitioners were entitled to compensation for LC.

**II.   Items of Compensation**

Petitioners allege entitlement to the following elements of compensation on behalf of LC:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

(1) past and future pain and suffering; (2) projected vaccine-related expenses; and, (3) past unreimbursed expenses.

Respondent proffers that, based on the Special Master's ruling on entitlement and the evidence of record, petitioners should be awarded the following damages:

**To petitioners, as guardian(s)/conservator(s) of the Estate of LC, for LC's benefit:**

| | |
|---|---|
| Past and Future Pain and Suffering: | $175,000.00 |
| Projected Vaccine-Related Expenses: | $ 48,697.00 |
| | **$223,697.00** |

**To petitioners, Eric P. Cabrera and Carol Cabrera:**

| | |
|---|---|
| Past Unreimbursable Expenses: | **$   1,934.72** |

In addition, petitioners filed evidence from the State of Colorado confirming a Medicaid lien for payment of vaccine-injury medical expenses for LC, in the amount of $5,289.41. Respondent proffers that, based on the Special Master's ruling in entitlement and the evidence of record, petitioners should be awarded **$5,289.41**, in the form of a check payable jointly to petitioners and the Colorado Department of Health Care Policy and Financing, State I.D. No. P493554.[2]  These amounts represent all elements of compensation to which petitioners would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioners agree.

**III.    Form of the Award**

Respondent recommends that compensation provided to petitioners be made through: (1)

---

[2] The parties have no objection to the amount of the proffered award of damages. Assuming the Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's January 12, 2017 ruling on entitlement.

a lump sum payment of **$223,697.00**, via a check to petitioners as guardian(s)/conservator(s) of the Estate of LC, for LC's benefit; (2) a lump sum payment of **$1,934.72**, via a check payable to petitioners; and, (3) a lump sum payment of **$5,289.41**, via a check payable jointly to petitioners and the Colorado Department of Health Care Policy and Financing, Third Party Liability & Recoveries Section, 1570 Grant Street, Denver, CO 80203-1818, Attn: Erika L. Herrera, State I.D. No: P493554.[3]  Petitioners agree.

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Assistant Director
        Torts Branch, Civil Division

        */s/Darryl R. Wishard*
        DARRYL R. WISHARD
        Senior Trial Attorney
        Torts Branch, Civil Division
        U. S. Department of Justice
        P.O. Box l46, Benjamin Franklin Station
        Washington, D.C.  20044-0146
        Direct dial: (202) 616-4357

Dated:  May 21, 2019        Fax: (202) 616-4310

---

[3] Should LC die prior to entry of judgment, respondent would oppose any award for projected vaccine-related expenses and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.