# In the United States Court of Federal Claims
## OFFICE OF THE SPECIAL MASTERS
Filed: September 10, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ERIC P. CABRERA *and* CAROL CABRERA, *natural parents and guardians of* L.C., *a minor*, | * * * * | |
| | * | UNPUBLISHED |
| Petitioners, | * * | No. 13-598V |
| v. | * * | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Motion for Relief from Judgment; Proffer on Damages; Vaccine Rule 36; RCFC Rule 60(b)(2). |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Sylvia Chin-Caplan, Law Office of Sylvia Chin-Caplan, Boston, MA, for petitioners.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for respondent.

## ORDER GRANTING PETITIONERS' MOTION FOR RELIEF FROM JUDGMENT[1]

On May 28, 2019, I issued a decision awarding damages consistent with respondent's proffer, to which petitioners agreed. Judgment was entered on May 31, 2019. On August 28, 2019, petitioners filed a motion for relief from judgment pursuant to Vaccine Rule 36 and RCFC Rule 60(b)(2), on the basis of newly discovered evidence that the vaccinee, L.C., has suffered a relapse of the injury at issue, which will necessitate additional future medical care.

For the reasons set forth below, petitioners' motion is **GRANTED.**

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

**I.   Relevant Procedural History and Updated Medical Records**

On August 21, 2013, Eric P. Cabrera and Carol Cabrera ("petitioners") filed a petition under the National Vaccine Injury Compensation Program ("Vaccine Act" or the "Program"),[2] 42 U.S.C. § 300aa-10 et seq. (2012), on behalf of their minor child, L.C. Petitioners alleged that as a result of receiving a diphtheria-tetanus-acellular pertussis ("DTaP") vaccine on August 30, 2010, L.C. developed juvenile idiopathic arthritis ("JIA"). Petition at ¶ 3-4. Respondent recommended against awarding compensation. Respondent's Report (ECF No. 27) at 1. Each party submitted expert reports. An entitlement hearing was held on November 19, 2015. Transcript (ECF No. 73). Following submission of post-hearing briefs, on January 12, 2017, I issued a ruling that petitioners had established entitlement to causation based on a theory of causation-in-fact. Ruling on Entitlement (ECF No. 82).

The case moved into the damages phase. The parties retained life care planners who worked to assess the future medical needs of L.C., which included consultation with L.C.'s treating physicians. In fall 2018, the treating pediatric rheumatologist communicated that L.C. had a diagnosis of JIA but it was in remission. L.C. had a "less than 50% medical probability of relapse [of JIA] in adolescence." The rheumatologist also responded that up that 25% of patients with L.C.'s condition will develop uveitis. "[O]f those patients with uveitis, up to 50% can develop complications such as cataracts, synechiae, glaucoma, and even blindness." L.C. had a past history of uveitis, but that condition was not found in a recent ophthalmology evaluation. Pet. Ex. 71.

On May 21, 2019, respondent filed a proffer on an award of compensation. Respondent proposed a lump sum payment of $223,697.00 (representing $175,000.00 for past and future pain and suffering, and $48,697.00 for projected vaccine-related expenses) payable to petitioners as guardians/ conservators of the estate of L.C., for L.C.'s benefit.[3] In the proffer, respondent also proposed a lump sum payment of $1,934.72 (for past unreimbursable expenses) payable to petitioners and a lump sum payment of $5,289.41 (for satisfaction of a State of Colorado Medicaid lien) payable jointly to petitioners and the state Medicaid agency. The proffer indicated petitioners' agreement to the terms set forth therein. Proffer (ECF No. 153).

On May 28, 2019, I issued a decision awarding compensation consistent with the terms of the proffer. Decision (ECF No. 154). On May 30, 2019, the parties filed joint notice not to seek review of the decision (ECF No. 156). Accordingly, on May 31, 2019, the Clerk of the Court entered judgment in accordance with the proffer and the decision (ECF No. 157).

Petitioners' and L.C.'s state of residence, Colorado, requires state court approval of all personal injury settlements on behalf of minors. *See* Petitioners' Motion filed August 28, 2019 (ECF No. 159) ("Pet. Mot.") at 3. Accordingly, petitioners retained an attorney in Colorado, Ms.

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

[3] Because the treating physicians could not state L.C.'s future medical needs to a more likely than not standard, the proffer provided a sump sum payment to cover the costs of rheumatology, ophthalmology, and orthopedic surgery annual monitoring. Pet. Mot. at 3.

Mari Bush, who asked the treating pediatric rheumatologist for a medical opinion to file in the probate court to support the petition for approval of the vaccine settlement and appointment of petitioners as guardians of the estate. *Id.*

In July 2019, the attorney of record for the vaccine claim, Ms. Sylvia Chin-Caplan, was notified by petitioners that L.C. had suffered a recent relapse of JIA. Pet. Mot. at 4. Attorneys Chin-Caplan and Bush obtained updated medical records which reflect that on May 30, 2019, one day before the entry of judgment, the treating pediatric rheumatologist saw L.C. for a follow-up visit which prompted concern that L.C. was perhaps experiencing a flare of JIA. After the entry of judgment, on July 12, 2019, L.C. underwent an MRI which confirmed the flare of JIA. On July 16, 2019, the rheumatologist saw L.C. again and treated with an intrarticular steroid injection. The rheumatologist's medical records, as well as a letter to counsel, reflect that L.C. had experienced a JIA flare which necessitates additional treatment and follow-up with specialists. *See* Pet. Mot. at 4-6; Pet. Ex. 81.

Accordingly, on August 28, 2019, petitioners filed a motion for relief from judgment to reopen the assessment of damages. Pet. Mot. (ECF No. 159). In advance of respondent's deadline to respond to the motion, respondent's counsel contacted my chambers to request a status conference. During the status conference, respondent did not state an objection to petitioners' motion.

## II. Applicable Legal Standard

Under Vaccine Rule 36, Appendix B to the Rules of the United States Court of Federal Claims, a party may seek relief from a judgment. Rule 60(b) provides an " 'exception to finality,' that 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Kennedy v. Sec'y of Health & Human Servs.*, 99 Fed. Cl. 535, 548 (2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)). "The court has discretion regarding whether to grant relief under rule 60(b), 'and the court may weigh equitable considerations in the exercise of its discretion.'" *Curtis v. Sec'y of Health & Human Servs.*, 61 Fed. Cl. 511, 512 (Fed. Cl. 2004) (citing *Dynacs. Eng'g Co. v. United States*, 48 Fed. Cl. 240, 241-42 (2000)). Rule 60(b) as a remedial provision is to be "literally construed for the purpose of doing substantial justice," *Patton v. Sec'y of Health & Human Servs.*, 25 F.3d 1021, 1030 (Fed. Cir. 1994).

The court may grant relief from a final judgment on the following grounds:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharges; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

RCFC 60(b). A motion under RCFC 60(b) must be made "within a reasonable time – and for reasons (1), (2), and (3), no more than a year after the entry of judgment or order or the date of the proceeding." RCFC 60(c)(1).

### III. Petitioners' Motion

Petitioners primarily cite to Rule 60(b)(2), which provides for relief from judgment on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b)."

On September 9, 2019, I held a status conference to discuss petitioners' motion. The parties and I discussed that the current judgment is premised on L.C.'s JIA being in remission and his lack of relapse for almost three years. One day prior to the entry of judgment, his rheumatologist suspected the possibility of a relapse. However, it was only after the entry of judgment that L.C. had an MRI followed by a subsequent appointment with his rheumatologist, who confirmed the relapse. This relapse will necessitate additional medical appointments, tests, and treatment which were not anticipated by the proffer. Petitioners filed the motion for relief for judgment and the supporting medical records within a reasonable time. While judgment has entered, it has not been performed. Respondent has no objection to petitioners' motion for relief. Accordingly, I will grant petitioners' motion in light of their showing of newly discovered evidence under RCFC 60(b)(2).

This case will be reopened for further assessment of damages. During the status conference, I recommended that the parties seek to account for the vagaries of what future medical care will be necessary. It is difficult to predict what specific appointments, tests, and treatments L.C. will need and at what frequency. One possible approach is for respondent to fund a health insurance plan to cover L.C.'s future medical care. The parties agreed that their life care planners would work jointly on this topic.

### IV. Conclusion

Petitioners' motion for relief from judgment (ECF No. 159) is **GRANTED.**

**The Clerk of the Court is instructed to withdraw my decision entered on May 28, 2019 (ECF No. 154) and the judgment entered on May 31, 2019 (ECF No. 157).**

It is hereby **ORDERED** that the parties shall file a joint status report on the further assessment of damages **within 45 days, by Friday, October 25, 2019**.

**IT IS SO ORDERED.**

s/Thomas L. Gowen<br>
Thomas L. Gowen<br>
Special Master