# In the United States Court of Federal Claims
## OFFICE OF THE SPECIAL MASTERS
Filed: March 11, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | |
| ERIC P. CABRERA *and* CAROL | * | |
| CABRERA, *natural parents and guardians* | * | |
| *of* L.C., *a minor*, | * | UNPUBLISHED |
| | * | |
| Petitioners, | * | No. 13-598V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Damages; Off-Table Injury; |
| AND HUMAN SERVICES, | * | Diphtheria-Tetanus-Acellular-Pertussis |
| | * | ("DTaP"); Juvenile Idiopathic |
| Respondent. | * | Arthritis ("JIA"). |
| * * * * * * * * * * * * | * | |

*Sylvia Chin-Caplan*, Law Office of Sylvia Chin-Caplan, Boston, MA, for petitioners.
*Darryl R. Whishard*, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON DAMAGES[1]

On August 21, 2013, Eric and Carol Cabrera ("petitioners"), on behalf of their minor child L.C., filed a petition under the National Vaccine Injury Compensation Program ("Vaccine Act" or the "Program").[2] Petition (ECF No. 1). Petitioners alleged that as a result of receiving a diphtheria-tetanus-acellular pertussis ("DTaP") vaccine on August 30, 2010, L.C. developed juvenile idiopathic arthritis ("JIA"). Id. at ¶ 3-4. Respondent recommended against awarding compensation. Respondent's Report (ECF No. 27). Each party submitted expert reports. An entitlement hearing was held on November 19, 2015. Transcript (ECF No. 73). Following the

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

submission of post-hearing briefs, on January 12, 2017, the undersigned issued a ruling finding that petitioners were entitled to compensation on behalf of L.C. based on a showing of causation-in-fact.  Ruling on Entitlement (ECF No. 82).

On September 10, 2019, I granted petitioners' motion for relief from judgment (ECF No. 159).  I withdrew the original decision on damages filed on May 28, 2019 (ECF No. 154), which was based on a previous proffer filed on May 21, 2019 (ECF No. 153).  I also directed the Clerk to withdraw the judgment entered on May 31, 2019 (ECF No. 157).

On March 11, 2020, respondent filed a proffer on an award of compensation, which indicates petitioners' agreement to compensation on the terms set forth therein.  Proffer (ECF No. 175).  The proffer is attached hereto as Appendix A.

**Consistent with the terms of the proffer, I hereby award the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

1) **A lump sum payment of $209,559.44 (representing compensation for pain and suffering ($200,000.00) and life care expenses for Year One ($9,559.44), in the form of a check payable to petitioners as guardian(s)/ conservator(s) of L.C., for the benefit of L.C.**

2) **A lump sum payment of $2,062.75, representing compensation for past un-reimbursable expenses, in the form of a check payable to petitioners, Eric. P. Cabrera and Carol Cabrera.**

3) **A lump sum payment of $8,145.03, representing compensation for satisfaction of a Colorado Department of Health Care Policy and Financing Medicaid lien, payable jointly to petitioners and Colorado Department of Health Care Policy and Financing, and mailed to:**

   **Colorado Department of Health Care Policy and Financing**
   **ATTN: Erika L. Herrera**
   **Third Party Liability & Recoveries Section**
   **1570 Grant Street**
   **Denver, CO 80203**
   **State ID No.: P493554**
   **Tax ID No.: 84-0644739**

   **Petitioners agree to endorse this payment to Colorado Department of Health Care Policy and Financing.**

4) **An amount sufficient to purchase the annuity contract, subject to the conditions described in the proffer.**

Accordingly, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the proffer and this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                          )
ERIC P. CABRERA and CAROL                 )
CABRERA, as natural parents and           )
Guardians of L.C., a minor,               )
                                          )
               Petitioners,               )
                                          )
        v.                                )        No. 13-598V
                                          )        Special Master Gowen
SECRETARY OF THE DEPARTMENT OF            )
HEALTH AND HUMAN SERVICES,                )
                                          )
               Respondent.                )
_____)

## PROFFER ON AWARD OF COMPENSATION

### I.    Procedural History

On August 21, 2013, Eric P. Cabrera and Carol Cabrera ("petitioners") filed a petition for

compensation on behalf of their minor child, L.C., under the National Childhood Vaccine Injury

Act of 1986, _as amended_, 42 U.S.C. §§ 300aa-1 et seq. ("Vaccine Act").  Petitioners allege that,

as a result of receiving the diphtheria-tetanus-acellular pertussis ("DTaP") vaccine on August 30,

2010, L.C. developed juvenile idiopathic arthritis ("JIA").  On September 26, 2014, respondent

filed his Vaccine Rule 4(c) report, denying that entitlement to compensation was appropriate in

this case.  On January 12, 2017, the Special Master issued a ruling on entitlement, finding that

petitioners were entitled to compensation for L.C.

On September 10, 2019, the Special Master granted petitioners' Motion for Relief from

Judgment.  He withdrew his Decision on Damages, entered on May 28, 2019 (ECF No. 154) that

was based on a previous Proffer, filed on May 21, 2019 (ECF No. 153).  He also directed the

Clerk to withdraw the judgment, entered on May 31, 2019 (ECF No. 157).

## I.   **Items of Compensation**

### A.   Life Care Items

The respondent engaged life care planner, Laura Fox, MSN, BSN, RN, CDDN, CLCP,

and petitioners engaged ReEntry Rehabilitation Services, Inc., to provide an estimation of L.C.'s

future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related"

is as described in the Special Master's Ruling on Entitlement.  All items of compensation

identified in the life care plan are supported by the evidence, and are illustrated by the chart

entitled Appendix A: Items of Compensation for L.C., attached hereto as Tab A.[1]  Petitioners

agree.

### B.   Lost Future Earnings

The parties agree that based upon the evidence of record, L.C. will more likely than not

be gainfully employed in the future.  Therefore, respondent proffers that L.C. should not be

awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B).

Petitioners agree.

### C.   Pain and Suffering

Respondent proffers that L.C. should be awarded $200,000.00 in actual pain and

suffering.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioners agree.

### D.   Past Unreimbursable Expenses

Evidence supplied by petitioners documents their expenditure of past unreimbursable

expenses related to L.C.'s vaccine-related injury.  Respondent proffers that petitioners should be

awarded past unreimbursable expenses in the amount of $2,062.75.  Petitioners agree.

---

[1]  The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

E.     Medicaid Lien

Respondent proffers that L.C. should be awarded funds to satisfy a Colorado Department of Health Care Policy and Financing Medicaid lien in the amount of $8,145.03, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Colorado may have against any individual as a result of any Medicaid payments the Colorado Department of Health Care Policy and Financing has made to or on behalf of L.C. from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about August 30, 2010, under Title XIX of the Social Security Act.

## II.     **Form of the Award**

The parties recommend that the compensation provided to L.C. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $209,559.44 representing compensation for pain and suffering ($200,000.00), and life care expenses for Year One ($9,559.44), in the form of a check payable to petitioners as guardian(s)/conservator(s) of L.C., for the benefit of L.C.  No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of L.C.'s estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of L.C., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of L.C. upon submission of written documentation of such appointment to the Secretary.

---

[2] Should L.C. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

B.  A lump sum payment of $2,062.75, representing compensation for past

unreimbursable expenses, in the form of a check payable to petitioners, Eric P. Cabrera and

Carol Cabrera.

C.  A lump sum payment of $8,145.03, representing compensation for satisfaction of a

Colorado Department of Health Care Policy and Financing Medicaid lien, payable jointly to

petitioners and Colorado Department of Health Care Policy and Financing, and mailed to:

> Colorado Department of Health Care Policy and Financing
> ATTN: Erika L. Herrera
> Third Party Liability & Recoveries Section
> 1570 Grant Street
> Denver, CO 80203
> State ID No: P493554
> TAX ID No: 84-0644739

Petitioners agree to endorse this payment to Colorado Department of Health Care Policy and

Financing.

D.  An amount sufficient to purchase the annuity contract,[3] subject to the conditions

described below, that will provide payments for the life care items contained in the life care plan,

as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[4] from

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.  A. M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
>
> b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
>
> c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;
>
> d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioners only so long as L.C. is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment.

1.   Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioners agree.

2.   Life-Contingent Annuity

 The petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as L.C. is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of L.C.'s death.

3.   Guardianship

---

[5] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of L.C.'s estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s0/conservator(s) of the estate of L.C., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of L.C. upon submission of written documentation of such appointment to the Secretary.

III.   **Summary of Recommended Payments Following Judgment**

    A.    Lump sum paid to the court-appointed guardian(s)/
        conservator(s) of the estate of L.C. for the benefit of L.C.:    **$209,559.44**

    B.    Past unreimbursable expenses payable to petitioners:    **$  2,062.75**

    C.    Medicaid lien:    **$  8,145.03**

    D.    An amount sufficient to purchase the annuity contract described
        above in section II. D.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/s/Darryl R. Wishard*
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct Dial: (202) 616-4357

Dated: March 11, 2020

Appendix A:  Items of Compensation for L.C.                    Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2020 | Compensation Years 2-16 2021-2035 | Compensation Years 17-30 2036-2049 | Compensation Years 31-55 2050-2074 | Compensation Years 56-Life 2075-Life |
|---|---|---|---|---|---|---|---|---|
| Insurance Premium | 5% | | M | 2,209.44 | 2,209.44 | | | |
| Insurance MOP | 5% | | | 6,750.00 | 6,750.00 | | | |
| Medicare Part B Deductible | 5% | | | | | | | 198.00 |
| Rheum-atology | 5% | * | | | | 235.00 | 235.00 | 47.00 |
| Opthalmology | 5% | * | | | | 106.00 | | |
| Orthopedics | 5% | * | | | | | | |
| Standing X-ray of Lower Extremity | 5% | * | | | | | | |
| PT | 4% | * | | 600.00 | | | | |
| PT Eval | 4% | * | | | | 182.00 | 182.00 | |
| Shoe Lift | 4% | * | | | | 40.00 | 40.00 | 8.00 |
| Pain and Suffering | | | | 200,000.00 | | | | |
| Past Unreimbursable Expenses | | | | 2,062.75 | | | | |
| Medicaid Lien | | | | 8,145.03 | | | | |
| Annual Totals | | | | 219,767.22 | 8,959.44 | 563.00 | 457.00 | 253.00 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/ conservators(s) of the estate of L.C., for the benefit of L.C., pain and suffering ($200,000.00),
and Yr 1 life care expenses ($9,559.44): $209,559.44.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners, Eric P. Cabrera and Carol Cabrera, for past un-reimbursable expenses: $2,062.75.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioners and the Colorado Department of Health Care Policy and Financing Medicaid, as reimbursement of the State's Medicaid lien: $8,145.03.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.